And now at this term the Court delivered their opinion.

Curia.

The question as to the articles being exempted from attachment and execution has been argued before the jury, but the Court have not considered that question, as there is another point in the case, upon which we are satisfied that the verdict ought to be set aside.
Vandyne, Dickenson & Low set forth' in their answers, that they had in their hands tools of trade belonging to Haskell, and the Court of Common Pleas held them to be his trustees.
We think that judgment conclusive. A person may be a trustee for having in his possession a specific article, or for owing the debtor a sum of money. No appeal was made from the jitdgi tent, and an execution was issued directing the officer to take the goods of the principal in the hands of the trustees. They gave to the officer several articles on which they had been *468 held trustees, and the officer sold them in the ordinary mannei This comes within the common case of an officer protected in his acts done in obedience to a proper authority. The defendant had no right to look behind the judgment of the Court of Common Pleas. All that we decide is, that trespass will not lie under these circumstances.[1]
The Chief Justice said he dissented from the rest of the Court, on the ground that Haskell was not a party to the judgment of the Court of Common Pleas, that decision having been made wholly on the answers of the persons adjudged to be trustees.
The verdict was set aside, and at a subsequent term the plaintiff became nonsuit.

 See 2 Starkie on Evid. (Metcalfs ed.) 816 note (i).